# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10425

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN MATTHEW BROWN, also known as Downtown,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-951
USDC No. 4:16-CR-132-2

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Brian Matthew Brown, federal prisoner # 54032-177, pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). The district court sentenced Brown to 293 months of imprisonment followed by four years of supervised release. Brown moves for a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10425

Brown claims that his guilty plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel. According to Brown, his attorney told him that if he pleaded guilty, he would receive a 15-year sentence. He states that but for counsel's incorrect prediction of a 15-year sentence, he would not have pleaded guilty and would have insisted on going to trial.

To obtain a COA, Brown must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, claims are rejected on the merits, the prisoner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues presented "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Brown has failed to make the showing necessary to obtain a COA, and a COA is denied.

With respect to Brown's challenge to the district court's denial of his § 2255 motion without an evidentiary hearing, a COA is not required to appeal the denial of an evidentiary hearing in a federal § 2255 proceeding. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). We therefore construe his motion for a COA on this issue as a direct appeal of the district court's denial of an evidentiary hearing.

This court reviews a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To show an abuse of discretion, Brown must come forward with "independent indicia of the likely merit of [his] allegations." *Id*. at 442 (internal quotation marks and citation omitted). Brown has not shown, for the reasons discussed above, that he had a meritorious claim for relief under § 2255. Accordingly, the district court's denial of Brown's § 2255

No. 19-10425

motion without an evidentiary hearing is affirmed. *See Norman*, 817 F.3d at 234.

COA DENIED; AFFIRMED.